**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STERLING B. SCOTT, II,

        Petitioner,

  vs.

J. BROWN, Warden,

        Respondent.
                                  /

No. C 04-2982 PJH (PR)

**ORDER DENYING MOTION TO DISMISS**

This is a habeas case filed pro se by a state prisoner.  Petitioner alleges that the governor's reversal of the parole board's grant of parole violated his due process rights in that it was not supported by sufficient evidence.  Respondent has moved to dismiss, claiming that the case is moot because petitioner has now been released on parole.  Petitioner has opposed the motion, and respondent has filed a reply.  It is ready for decision.

**DISCUSSION**

Respondent contends that because the habeas petition requests that petitioner be released on parole, and he now has been, it is moot.  Petitioner argues in opposition that the governor's allegedly unconstitutional denial of parole in 2003 means that his present time on parole runs until a date nineteen months later than it would have been had he been paroled in 2003.

Petitioner's parole period was fixed in the plea agreement – five years.  Thus his being paroled later than 2003 did not extend the time he will spend on parole, which will be five years in any case, but it does extend the total time he will spend suffering the consequences of his conviction.  That is, the combined time in prison and on parole will, as a consequence of the governor's reversal of the parole board, be nineteen months longer

1 than it otherwise would have been.  This is an actual injury which stems from the allegedly
2 unconstitutional act.  Should petitioner prevail, this injury could be remedied by shortening
3 the period of parole by nineteen months, so the case is not moot.

4 Petitioner cites *McQuillion v. Duncan*, 342 F.3d 1012 (9th Cir. 2003) (*McQuillion II*),
5 in opposition to the motion.  Respondent attempts to distinguish *McQuillion II* and relies on
6 *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).

7 The *McQuillion* cases, *McQuillion v. Duncan*, 306 F.3d 895 (9th Cir. 2002)
8 (*McQuillion I) and McQuillion v. Duncan*, 342 F.3d 1012 (9th Cir. 2003) (*McQuillion II*),
9 arose from the parole board's unconstitutional recision of a parole date previously granted.
10 *Id.* at 1014.  After the Ninth Circuit reversed in *McQuillion I* and remanded with instructions
11 to "grant the writ," the warden appealed the district court's order that McQullion be released
12 immediately, contending that the proper remedy was not release but a new recision
13 hearing, and that "at a minimum," McQuillion should be required to serve a period on
14 parole.  *Id.* at 1014-15.  With respect to the contention that a parole period should be
15 required, the Ninth Circuit said:  "This argument overlooks the fact that if McQuillion had
16 been released on the date to which he was entitled, he would have been released in May
17 1994.  The three-year parole, which he would have been required to serve if he had been
18 released on time, has long since expired."  *Id.* at 1015.  This seems to support the
19 proposition that a habeas court can fashion a remedy, including shortening or eliminating a
20 parole period, if parole has been unconstitutionally denied.

21 Respondent argues that this case is more like *Burnett v. Lampert*, 432 F.3d 996, 999
22 (9th Cir. 2005).  In *Burnett*, the petitioner contended that denials of parole in 1998 and 2000
23 were unconstitutional.  *Id.* at 997-98.  By the time the Ninth Circuit considered the case he
24 had been released on parole, the parole had been revoked, and he was back in prison.  *Id.*
25 at 998.  The court held that the case was moot because Burnett's current incarceration was
26 not the result of the denials of parole in 1998 and 2000, but rather of his violation of parole
27 "after he *was* released."  *Id.* at 1000.  Therefore a habeas court considering the legality of
28 the denials of parole could not properly order that petitioner be released from prison earlier

2

than he otherwise would have been. *Id.* The court distinguished *McQuillion II*, saying that McQuillion had already served more time than the lawful period of incarceration plus parole. *Id.* at 1000. By contrast, if the court accelerated Burnett's parole release date by the time he allegedly was unconstitutionally denied parole, that would be to question "either the validity of the original sentence (or a part of it) or his reimprisonment following his parole violation – two issues which are not before us." *Id.*

*Burnett* involved an Oregon conviction and a forty-year sentence under that state's indeterminate sentencing law. *Id.* at 997. Under Oregon's unusual system, there is no direct correlation between when a prisoner is released on parole and when the parole terminates. *Id.* at 997 n. 1. "'[T]he parole system allowed the Board to release an inmate who has not finished serving his or her indeterminate prison sentence, and that person may be kept on parole until the sentence expires. Thus, a person serving a 10-year indeterminate sentence who was paroled after five years could be kept on parole for another five years, whereas a person serving a 10-year indeterminate sentence who was paroled after seven years could be kept on parole only for another three years.'" *Id.* (quoting *Burns v. Thompson*, 159 Or. App. 383[, 385] (1999)). That is, Burnett could have been kept on parole until expiration of his forty-year sentence, and that would not have changed if he had been paroled when he claimed he should have been. His contention in the case instead had to do with whether he should be on parole or in prison. But his imprisonment was the consequence of his parole violation, not when the parole began. Thus the habeas court could not grant effective relief in a case which was directed to the earlier denials of parole, rather than to the length of the sentence itself or to the legality of the revocation.

In contrast, in California when a prisoner is paroled *does* affect when he gets off parole -- for a given period of parole, which in this case was fixed at five years by the plea agreement, the earlier one is paroled, the earlier one gets off parole. Or looked at another way, the combined prison and parole period is shorter if parole is granted sooner, in contrast to Oregon. Here, if petitioner can show that he should have been paroled when

3

the governor reversed the Board, then his parole can be shortened by nineteen months – that is, this court can grant effective relief.  This case is not moot.

The motion to dismiss (document number 5 on the docket) is **DENIED**.

Respondent shall serve an answer to the order to show cause within sixty days of the date this order is entered.  If petitioner wants to respond to the answer, he shall file a traverse (response) within thirty days of the date the answer is served upon him.

**IT IS SO ORDERED.**

Dated:  September 15, 2006.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.04\SCOTT982.MDSMSS